# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

JOANNE DALLE MAYFIELD,    )
                                  )

    Plaintiff/Appellant,    )
                                  )      Davidson Circuit
                                  )      No. 95D-1525

VS.                        )
                                  )      Appeal No.
                                  )      01A01-9611-CV-00501

JOHN DREW MAYFIELD,    )
                                  )

    Defendant/Appellee.    )

## CONCURRING OPINION

**FILED**

April 30, 1997

Cecil W. Crowson
Appellate Court Clerk

I concur with the court's opinion and with its finding that the evidence does not preponderate against the trial court's finding that Ms. Mayfield did not contribute substantially to the appreciation in the value of Mr. Mayfield's separate property, except for the Trimble Road house. I have prepared this separate opinion to elaborate on the significance of this finding in the context of this case.

A spouse's contributions to marital and separate property have a two-fold significance. First, these contributions affect the classification of property as marital or separate. *See* Tenn. Code Ann. § 36-4-121(b)(1)(B) (1996). Second, they affect the equitable division of the property in the marital estate. *See* Tenn. Code Ann. § 36-4-121(c)(5).

The finding that Ms. Mayfield did not contribute substantially to Mr. Mayfield's separate property effectively removes this property from the marital estate with two exceptions. The first exception is the $50,000 increase in the value of the Trimble Road house because the trial court specifically found that Ms. Mayfield had contributed to the appreciation in the house's value. The second exception is the $26,104.57 increase in the value of Mr. Mayfield's individual retirement account because the appreciation in the value of this account is marital property even without substantial contributions by Ms. Mayfield. *Cohen v. Cohen,* 937 S.W.2d 823, 830 (Tenn. 1996). The trial court did not

include in the parties' marital estate the increase in the value of the Trimble Road house or Mr. Mayfield's individual retirement account. Adding these two valuable assets to the marital estate brings its value up to $109,689.67 rather than $33,585.11 as found by the trial court.

The only remaining question concerns whether Ms. Mayfield received an equitable share of the marital property. Tenn. Code Ann. § 36-4-121(c) requires an equitable rather than an equal division of marital property, *Batson v. Batson,* 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988), and does not require that each party receive a share of each piece of marital property. *Thompson v. Thompson,* 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990). In dividing marital property the courts consider the contributions of each spouse to the acquisition, preservation, and appreciation of the marital or separate property. *See* Tenn. Code Ann. § 36-4-121(c)(5).

The trial court effectively awarded Ms. Mayfield $66,792.56 or 61% of the parties' marital estate.[1] I find this distribution equitable in light of the considerations in Tenn. Code Ann. § 36-4-121(c).

_____
WILLIAM C. KOCH, JR., JUDGE

---

[1]This amount includes the $16,792.56 in marital property identified by the trial court and the $50,000 "alimony in solido." The trial court characterized the $50,000 "[a]s further property division and in consideration of her contributions to the appreciation of the home place and her efforts to make a home for Mr. Mayfield and raise the child."